UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KELLI MITCHELL**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO: 24-2192**

**GREAT WEST CASUALTY**
**INSURANCE CO, ET AL.**                                       **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Defendants Great West Casualty Insurance Company, Richard Trucking, LLC, and Charles Nelson's Motion for Bond for Cost (Doc. 3). For the following reasons, Defendants' Motion for Bond for Cost is **DENIED**.

### BACKGROUND

This case arises out of a motor vehicle accident that took place on March 8, 2024, in Plaquemines Parish, Louisiana. In her Complaint, Plaintiff Kelli Mitchell alleges that before the accident, she was driving southbound on Belle Chasse Highway and Woodland Highway and had entered the left turn lane. Plaintiff alleges that once she was in the left turn lane, the vehicle she was operating was struck by a vehicle operated by Defendant Charles Nelson.

Plaintiff filed suit on July 29, 2024, in the 25th Judicial District Court for the Parish of Plaquemines, against Nelson, the owner of the vehicle, Southern Freight Transportation, LLC ("Southern Freight") and Richard Trucking, LLC ("Richard Trucking"), and their insurer, Great West Casualty Insurance Company ("Great West"), seeking damages for the injuries she

allegedly sustained in the accident. On September 6, 2024, Defendants Great West, Richard Trucking, and Nelson timely removed the action to this Court. Shortly after, Defendants Great West, Richard Trucking, and Nelson filed the instant Motion for Bond for Cost, seeking an order requiring Plaintiff to post a bond or security for $20,000 to cover the costs associated with defending what they describe as a meritless claim. Plaintiff opposes.[1]

## LAW AND ANALYSIS

Local Rule 54.4 provides that, "In any civil matter, the court, on motion or its own initiative, may order any party to file a bond or additional security for costs in such an amount and subject to conditions designated by the court."

"The Fifth Circuit has stated that 'as a procedural matter, security for costs is a proper subject for regulation by local rules promulgated under Fed. R. Civ. P. 83.'"[2] "[A] district court has inherent power to require security for costs when warranted by the circumstances of the case."[3] Courts should consider "the probability of plaintiff's success on the merits, the background and purpose of the suit, and the reasonableness of amount of the posted security viewed from the perspective of both plaintiff and defendant" in its evaluation of whether requiring security for costs is appropriate.[4] "Other courts also consider the non-movants financial condition and ability to pay, whether the non-movant is a non-resident, the extent and scope of discovery,

---

[1] Doc. 4.
[2] Sieber v. Delta Air Lines, Inc., No. CV 17-13024, 2019 WL 414713, at *2 (E.D. La. Feb. 1, 2019) (quoting Ehm v. Amtrak Bd. of Directors, 780 F.2d 516, 517 (5th Cir. 1986)).
[3] *Ehm*, 780 F.2d at 517 (5th Cir. 1986).
[4] *Id.*

the expected legal costs, and the non-movant's non-compliance with prior court orders."[5]

Defendants seek a $20,000 security for the costs they will have to incur to litigate this case, including depositions, legal fees, court reporters, travel costs and transcription services. Most of their Motion is dedicated to the argument that the case brought by Plaintiff is frivolous, relying on photographs, a diagram, and various Louisiana laws regarding motor vehicle accident liability and burden of proof to make their case.

Plaintiff first opposes Defendants' Motion on the grounds that it is untimely under Louisiana Revised Statutes § 13:4522 because it was filed after Defendants' Petition for Removal in this Court and Notice of Filing Petition for Removal in the 25th Judicial District Court for the Parish of Plaquemines. Defendants respond that they are not filing the Motion under Louisiana Revised Statutes § 13:4522, but rather Local Rule 54.4, which does not have a timeliness requirement. [6]

While this Court sitting in diversity applies Louisiana substantive law[7], it applies Federal Rules of Civil Procedure, not state law procedural rules. Federal Rule of Civil Procedure 83(1) permits the Court to establish local rules.[8] A local rule authorized by the Court "has the force of law."[9] Here, Local Rule 54.4 is the relevant rule under which Defendants' Motion will be considered. As such, it is not untimely.

---

[5] *Sieber*, 2019 WL 414713, at *2 (citing N'Jai v. N.Y. State Higher Educ. Servs. Corp., 214 F.R.D. 251, 251-52 (E.D.N.Y. 2003)).

[6] The Court notes that Defendants rely on Louisiana case law citing Louisiana Revised Statutes § 13:4522 to make their arguments, and explicitly state that they are moving this Court "to issue an order pursuant to Local Rule 54.4 and La. R.S. 13:4522." Doc. 3-1 at 7.

[7] Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 416 (1996) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

[8] FED. R. CIV. P. 83(1).

[9] Weil v. Neary, 278 U.S. 160, 169 (1929).

Plaintiff also opposes the Motion on the grounds that Defendants have not met their burden of showing that a bond for cost is necessary, or that a $20,000 bond is an appropriate amount. Defendants only implicitly respond, reiterating the argument in their Motion that Plaintiff has the burden to prove her claim and that they will incur costs as a result of litigating the suit.

> In *Bergeron v. Richardson*, the Louisiana Supreme Court stated that
>
> [i]t is not the duty of the plaintiff in such case to show that, as far as the defendant is concerned, there is no necessity for a bond for costs, or to show how small a bond will suffice. *The burden is on the party demanding the security to show how large a bond is necessary to protect him.* Some discretion in that respect is left with the judge, to be exercised, however, with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.[10]

While it is true that "the probability of plaintiff's success on the merits" is one factor the Court considers in evaluating a motion like the one before it, that does not absolve the movant from meeting its burden.[11] The Court finds that Defendants do not meet their burden of showing how a $20,000 bond is necessary to protect them. They only vaguely state that they will incur some costs to defend themselves in the instant suit. Further, Plaintiff, a Louisiana resident, is an individual who has expressed that such a large bond would impede her ability to pursue the case, while Defendants include business enterprises for whom funding the defense of a lawsuit against them is likely a feature of their business' financial considerations. Simply put, "ordinary costs are a necessary feature of litigation."[12]

---

[10] Bergeron v. Richardson, No. 2020-01409 (La. 6/30/21), 320 So. 3d 1109, 1112.
[11] *See Ehm*, 780 F.2d at 517.
[12] *Sieber*, 2019 WL 414713, at *2.

4

Considering the facts and circumstances of this rather unextraordinary motor vehicle action, the Court exercises its discretion to deny Defendants' request for a bond.[13]

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Bond for Cost is **DENIED**.

New Orleans, Louisiana this 14th day of April, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[13] Finding grounds for denial based on the above, the Court does not reach Plaintiff's constitutional argument. Doc. 4, Section IV.