UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELLI M. MITCHELL | * | CIVIL ACTION |
| VERSUS | * | NO. 24-2192 |
| GREAT WEST CASUALTY INSURANCE CO., ET AL. | * | SECTION "H" (2) |

**ORDER AND REASONS**

Pending before me is a Motion to Compel Discovery filed by Defendants Great West Casualty Company, Richard Trucking, LLC, Southern Freight Transportation and Charles Nelson. ECF No. 20. Plaintiff Kelli M. Mitchell timely filed an Opposition Memorandum (ECF No. 23), but Defendants did not file a Reply Memorandum. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff filed suit to recover for personal injuries sustained in a car accident with a vehicle driven by Defendant Nelson for his employers. ECF No. 1-1. Defendants removed the case to this Court, after which the Court entered a Scheduling Order setting a trial date for March 16, 2026, with a discovery deadline of December 28, 2025. ECF Nos. 1, 14.

On November 11, 2024, Defendants issued discovery to Plaintiff. ECF No. 20-3. Plaintiff served responses on April 23, 2025. ECF No. 20-5. Plaintiff evidently also issued third-party subpoenas duces tecum but failed to notify Defendants before service or provide copies of the responsive documents produced. ECF No. 20-1 at 2. When Plaintiff listed certain documents that

1

had not been produced on her exhibit list, Defendants filed this Motion to Compel seeking an order compelling Plaintiff to produce the background check on the defendant driver (Nelson) as well as the documents produced in response to third-party subpoenas duces tecum. *Id.* at 2-3.

In response, Plaintiff represents that she had not yet received Nelson's driving records, citations, administrative or criminal record by the time of the Rule 37 conference but agreed to provide same upon receipt, which she has now done. ECF No. 23 at 1. Plaintiff contends that the only responsive document not produced is a background report on Mr. Nelson, which Plaintiff asserts is protected by work product as reflected on the privilege log and that she does not intend to introduce same at trial. *Id.* at 1-3; ECF No. 23-1.

## II.     APPLICABLE LAW AND ANALYSIS

### A. Non-Party Subpoena Duces Tecum

Discovery may be obtained from non-parties pursuant to Rule 45 of the Federal Rules of Civil Procedure. A party may command a non-party to produce materials, specifically "documents, electronically stored information, or tangible things" in the non-party's possession, custody, or control. FED. R. CIV. P. 45(a)(1)(A)(iii). An attorney may issue a subpoena from the court where the action is pending if authorized to practice in it, and that attorney must sign the subpoena. *Id.* at 45(a)(2)-(3). Before serving a subpoena duces tecum on its respondent, the subpoenaing party must serve a notice and copy of the subpoena on each other party. *Id.* at 45(a)(4).

Proper service of a subpoena duces tecum is made by a non-party at least eighteen years old delivering a copy thereof to the named person. *Id.* at 45(b)(1). When the named person is a natural person, personal service is required,[1] but when an entity is named, service must be effected

---

[1] *See In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires . . . personal delivery of the subpoena . . . ."); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007) (Vance, J.)

upon the entity's registered agent and not by delivery to the entity's address or mailroom.[2] When necessary, proof of service of the subpoena is also required; the subpoenaing party must file in the court a statement, certified by the server, showing the date and manner of service and the names of the persons served. FED. R. CIV. P. 45(b)(4).

Defendants are entitled to obtain copies of the documents produced in response to the subpoenas duces tecum. Setting aside Plaintiff's failure to comply with Rule 45 via issuance of subpoenas to third parties without first serving same on Defendants, it appears that Plaintiff has now provided Defendants with copies of all materials received in response to the subpoenas. As such, it appears that the motion to compel as to this item is now moot. To the extent that any documents have not yet been produced, however, Plaintiff must deliver same within seven days.

### B. The Work Product Doctrine

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor,

---

("[S]ervice is improper if the person himself is not served with a copy of the subpoena" (citing *Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)); *Scottsdale Ins. Co. v. Educ. Mgmt., Inc.*, No. 04-1053, 2007 WL 2127798, at *3 (E.D. La. July 25, 2007) ("A majority of courts in various jurisdictions require personal service of a subpoena and will not allow the alternate forms of service." (citing 9A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE CIVIL § 2454 (2d ed. 1995) and cases cited therein)); *see also Accurso v. Cooper Power Sys., Inc.*, No. 06-848, 2008 WL 2510140, at *4–5 (W.D.N.Y. June 19, 2008) (holding that Rule 45's requirement of "delivering" means personal service because "the subpoena extends the Court's jurisdiction over an unwilling non-party and there must be assurance that this nonparty actual[ly] receives this Court process"); *Fed. Trade Comm'n v. Compagnie de Saint-Gobian-Pont-a-Mousson*, 636 F.2d 1300, 1312–13 (D.C. Cir. 1980) (distinguishing Rule 4 service by mail as effectuating notice from Rule 45 service as compulsion and noting that "compulsory process may be served upon an unwilling witness only in person").

[2] *Reese v. Great W. Cas. Co.*, No. 18-8336, 2019 WL 4930233, at *4 (E.D. La. Oct. 7, 2019) (noting that a corporation must generally be served by personal service on its agent for service of process and finding service on receptionist insufficient); *see also in re Newbrook Shipping Corp.*, 31 F.4th 889, 897 (4th Cir. 2022) ("The second service method for a corporation also expressly permits "delivering" the complaint to certain officers or agents: "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." So to satisfy Rule 45's mandate of "delivering a copy to the named person" when the "person" is a corporation, there must be delivery to an appropriate agent, as identified by Rule 4(h)." (quoting FED. R. CIV. P. 4(h)(1)(B))).

3

>insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:
>>(i) they are otherwise discoverable under Rule 26(b)(1); and
>>(ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FED. R. CIV. P. 26(b)(3)(A).  The work-product doctrine thus shields from discovery the materials prepared by or for an attorney in preparation for litigation.[3]  This doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries,"[4] and "protects materials prepared in anticipation of litigation, whether those materials were prepared by the attorney or by agents of the attorney."[5]

Work product is not, however, "an umbrella that shades all materials prepared by a lawyer . . . ."[6]  It focuses only on materials assembled and brought into being in anticipation of litigation.[7]  It does not protect underlying facts relevant to litigation.[8]  In making the fact-specific inquiry as to whether a particular document is work product, "courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document."[9]  And the burden to establish work product falls on the party asserting the privilege.[10]

When the party resisting discovery carries its evidentiary burden of establishing work product protection from discovery, the burden then shifts back to the party seeking discovery to establish that the materials are nevertheless discoverable, for example, by proving waiver of work

---

[3] *Blockbuster Ent. Corp. v. McComb Video, In*c., 145 F.R.D. 402, 403 (M.D. La. 1992); *see also Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947).
[4] *Dunn v. State Farm Fire & Cas. Co*., 927 F.2d 869, 875 (5th Cir. 1991).
[5] *In re Grand Jury Procs.*, 601 F.2d 162, 171 (5th Cir. 1979).
[6] *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982); *see also Piatkowski v. Abdon Callais Offshore, L.L.C.*, No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).
[7] *Piatkowski*, 2000 WL 1145825, at *2.
[8] *Adams v. Mem'l Hermann*, 973 F.3d 343, 350 (5th Cir. 2020) (quoting *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)); *see generally Upjohn Co. v. United States*, 449 U.S. 383, 385–96 (1981).
[9] *Hou. Cas. Co. v. Supreme Towing Co.*, No. 10-3367, 2012 WL 13055045, at *3 (E.D. La. Sept. 17, 2012) (Morgan, J.)(citations omitted); *see also In Re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000).
[10] *Hodges, Grant & Kaufmann v. U.S. Gov't, Dep't of the Treasury*, 768 F.2d 719, 721 (5th Cir. 1985).

product protection, proving both substantial need for and undue hardship in obtaining materials protected by the work product doctrine, or otherwise.[11]

Plaintiff asserts that she requested a background check be performed on Defendant Nelson after this litigation began, and the first paragraph of the report dated August 11, 2025, reflects that it was prepared in anticipation of litigation.  ECF No. 23 at 3; ECF No. 23-1.  Further, Plaintiff indicates that the document is not intended to be offered or introduced at trial.  As such, it appears that this investigative document falls within the parameters of work product.  Defendants have not established, or even argued, waiver or substantial need and undue hardship.  Accordingly, the background report is not subject to discovery.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel is GRANTED IN PART AND DENIED IN PART as stated herein.  To the extent Plaintiff has not provided copies of all documents received in response to third-party subpoenas duces tecum, Plaintiff must provide same within seven days of this date.

New Orleans, Louisiana, this __30th__ day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] FED. R. CIV. P. 26(b)(3); *Hodges*, 768 F.2d at 721; *Int'l Sys. & Controls Corp.*, 693 F.2d at 1240; *In re Blessey Enters., Inc.*, Nos. 08-235, 08-244, 2009 WL 5915367, at *1 (M.D. La. Dec. 7, 2009), *aff'd*, 2010 WL 610669 (M.D. La. Feb. 19, 2010).